IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:55 am, Mar 20, 2019*

| | |
|---|---|
| ELVIS HUMPHRIES, | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-14 |
| v. | |
| WARE COUNTY JAIL; and WARE COUNTY JAIL MEDICAL STAFF, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently housed at the Chatham County Sheriff's Complex in Savannah, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his previous confinement at the Ware County Jail in Waycross, Georgia. Doc. 1. This matter is currently before Court on Plaintiff's failure to comply with the Court's Orders of April 20, 2018, May 21, 2018, and June 28, 2018. Docs. 7, 9, 11. After a thorough and careful review of the docket, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL

**BACKGROUND**

On February 26, 2018, Plaintiff filed the above-styled action alleging staff at Ware County Jail violated his constitutional rights through their deliberate indifference to his medical needs after he fell and injured himself in the shower. Doc. 1 at 5. This Court initially recommended Plaintiff's claims be dismissed because Plaintiff failed to name any defendants against whom a § 1983 action could be brought. Doc. 4 at 4–6. Plaintiff responded by submitting two letters. Docs. 5, 6. The Court observed that Plaintiff's letters "raise[d] entirely new claims" but also "provide[d] facts regarding a slip-and-fall incident and two witnesses' statements regarding his original claims." Doc. 7 at 1–2. Finding that "it [was] not readily apparent . . . whether he was attempting to file objections . . . or an amended complaint," the Court vacated the original Report and Recommendation on April 30, 2018. Id. at 2–3. The Court directed Plaintiff to "file amended objections or an appropriately amended complaint within fourteen (14) days of the date of this Order." Doc. 7 at 1.

Plaintiff then sent two additional letters to the Court, docs. 8, 10, which the Court construed as motions for an extension of time to respond to the April 30, 2018 Order. Doc. 9 at 1 (granting an extension until July 5, 2018); Doc. 11 at 1 (granting another extension until July 10, 2018). The second extension gave Plaintiff "over two months to prepare an appropriately amended complaint." Doc. 11 at 1. The Court noted that, while Plaintiff originally requested an extension until August, when he expected to be out of jail, his incarceration did not warrant special consideration beyond the two extensions. Id. at 1–2.

---

5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

The day before Plaintiff's time to respond expired, the Court received another letter. Doc. 12. In this letter, Plaintiff does not attempt to amend his Complaint or submit objections to the now-vacated Report and Recommendation. Id. Rather, Plaintiff writes that he "ha[s] a bigger problem that's going on in [his] life right now." Id. Plaintiff described a June 9, 2018 arrest for a probation violation and wrote he has "been locked up 13 months going on 14 months and still ha[sn't] seen anyone." Doc. 12 at 1. He asked, "Is this a violation of my civil rights?" Id. He also requested the Court to "writ[e], or call[] to Chatham County probation office concerning [his] case." Id. Likewise, Plaintiff's next letter, received October 11, 2018, merely describes his ongoing probation hold and requests the court "call[] the probation officer of Chatham County to find out what is going on with [his] case."[2] Doc. 13 at 1. In this letter, Plaintiff describes ongoing health problems, including his inability to walk on his own but does not attempt to comply with this Court's April 30, 2018 Order. Id. The Court has not received any other filings from Plaintiff since his October 11, 2018 letter.

## DISCUSSION

The Court must now address Plaintiff's failure to comply with this Court's directive. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and **ENTER** the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[2] To the extent Plaintiff's last two letters, docs. 12, 13, can be construed to request leave to amend to add additional claims, the Court **DENIES** these requests. First, Plaintiff was previously instructed to submit a proper amended complaint and failed to do so. Docs. 7, 9, 11. Secondly, Plaintiff's probation allegations are unrelated to his claims in this action, namely the denial of medical treatment at Ware County Jail. If Plaintiff wishes to bring these allegations before the Court for review, he must file a separate action.

I.     **Dismissal for Failure to Prosecute and Failure to Follow this Court's Order**

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).[3]  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006)

---

[3]     In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  In this case, the Court forewarned Plaintiff that his failure to comply with its Orders may result in the dismissal of his Complaint.  Doc. 7 at 3 ("Failure to abide by these directives will result in the Court dismissing this case for failure to prosecute and failure to follow a court Order.").

(quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

With Plaintiff having failed to file a suitable response to this Court's Orders, the Court is unable to move forward with this case. Plaintiff was given ample time to follow the Court's directives, but he has not made any effort to do so. Despite receiving a two-month extension, Plaintiff failed to file an amended complaint or amended objections, submitting instead unrelated requests for the Court to interfere in what appears to be an ongoing state action. Indeed, Plaintiff has not taken any action in this case since his letter on October 11, 2018.

Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders and failure to prosecute.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** this action **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA